## KEYSER *vs.* BREITBARTH.

### *Appeal from Probate Court.*

{ Decided November 26, 1883.
{ The CHIEF JUSTICE and Justice JAMES sitting.

If an administrator pays a claim of a creditor of his decedent's estate, and returns it in his account, the Orphans' Court may allow it or reject it; but if the administrator refuses to pay such a claim, the Orphans' Court has no authority to adjudicate it; the creditor must seek its enforcement against the administrator in another tribunal.

THE CASE is stated in the opinion.

ELLIOT & ROBINSON for plaintiff.

N. H. MILLER for defendant.

Mr. Justice JAMES delivered the opinion of the court.

In this case, which was heard by the Chief Justice and myself, it appears that Bernard Henze was the owner of two restaurants, one on Pennsylvania avenue and the other on Seventh street, the latter occupying a building belonging to the German American National Bank, of which the petitioner, Keyser, was appointed receiver. Henze had taken from Keyser a lease for the term of five years. The rents were paid, according to an account shown in the proceedings in the Orphans' Court, down to the last month of Henze's life. He died on the 7th of December, 1879, and the last month's rent unpaid accrued on the 5th of the month. Mrs. Henze was appointed executrix of her husband's will, but a caveat was entered, and in the meantime she received letters *ad colligendum.* She acted under these, and took possession of the furniture in the house of the decedent, and of everything in the two restaurants. It appears by the proceedings in the Orphans' Court, that by consent of all the parties then interested, she proceeded to carry on the two restaurants, making expenditures and collecting the assets of the estate. She rendered her account, showing the estate to be indebted to her $498.67. January 16, 1880, the caveat was withdrawn, and a few days afterwards Mrs. Henze renounced as executrix, whereupon

George Breitbarth, a creditor of the estate, was appointed administrator, and, under an order of the court, sold the personal effects of the decedent, including the furniture and fixtures of the restaurant. Keyser proceeded to present his claim against the estate in the Orphans' Court, claiming that he had a lien on the chattels that were in the restaurant for all the rent accruing, not only during the lifetime of the decedent, but during the occupation of the premises by the widow. He made a bill of something over five hundred dollars, and claimed that it was a lien upon the proceeds of the sale.

When Breitbarth presented his final account, it appeared that he had credited Mrs. Henze with the sum of $498.67, as money advanced by her to the estate. Keyser filed exceptions to the account of Breitbarth, especially as to this item; but the Orphans' Court overruled the exceptions and passed the account, and Keyser now appeals from that order. His exception is, that his claim for rent attached as a lien upon the fund in the hands of the administrator arising from the sale of the furniture of the restaurant, and that it should have been first satisfied.

We do not think that the Orphans' Court has any authority to adjudicate this claim. If an administrator pays a claim against his decedent's estate, and returns it in his account, the Orphans' Court may allow it or reject it; but if he refuses to pay, the creditor must establish and enforce his claim in another tribunal. As to this repayment to Mrs. Henze of money which she appears to have advanced the estate, without going into the facts of the case, we think that the action of the Orphans' Court was correct in allowing it in the administrator's account. And we, therefore, affirm the order of the court. This does not all interfere with Keyser's remedy, whatever he may have, as a creditor of the estate.